# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ARRIN FARRAR, et al.,

    Plaintiffs,

v.                                               CIVIL ACTION NO. 2:18-cv-00461

THE CESSNA AIRCRAFT COMPANY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' motion for leave to conduct jurisdictional discovery. (ECF No. 19.) Also pending before the Court is Defendant Textron Aviation, Inc.'s ("Textron") and Defendant McFarlane Aviation, Inc.'s ("McFarlane") motions to dismiss for lack of personal jurisdiction. (ECF Nos. 6, 9.) For the reasons discussed herein, the Court **GRANTS** Plaintiffs' motion for jurisdictional discovery, (ECF No. 19), and **HOLDS IN ABEYANCE** Textron's and McFarlane's motions to dismiss for lack of personal jurisdiction. (ECF Nos. 6, 9.)

### I.     BACKGROUND

This case arises out of the March 16, 2016 crash of a Cessna 172 aircraft at Yeager Airport in Charleston, West Virginia, in which Plaintiff Arrin Farrar, a student pilot, was severely injured. (*See* ECF No. 1 at ¶¶ 99–102.) The aircraft was manufactured by Cessna Aircraft Company ("Cessna"), which later merged with Textron. (ECF No. 20 at 1–2.) McFarlane manufactured the aircraft's seat rails. (*Id.*) Defendant Andrew Swepston ("Swepston") performed repetitive maintenance and inspections on the aircraft. (*See id.* ¶¶ 144–63.)

The crash occurred when the right-side seat, in which Arrin Farrar's flight instructor was sitting, slipped from its intended position. (*See id.* at 2.) As a result, the flight instructor slid backwards, pulling the yoke with her. (*See id.* at 1.) This caused the aircraft to pitch up, stall, and subsequently crash. (*See id.*) Arrin Farrar suffered from numerous fractures throughout his face and extremities as a result of the crash. (*See* ECF No. 1 at ¶¶ 100–101.) He and his spouse, Plaintiff Erin Farrar, further claim loss wages and loss of consortium due to Arrin Farrar's severe injuries. (*See id.* at ¶ 102.)

On March 20, 2018, Plaintiffs filed the present action in this Court invoking the Court's diversity jurisdiction as Plaintiffs are residents of Maine, (ECF No. 1 at ¶¶ 4–5), Textron and McFarlane are Kansas corporations with their principal places of business in Kansas, (*Id.* at ¶¶ 7, 9), and Swepston is a resident of Ohio. (*Id.* at ¶ 10.) Plaintiffs allege the following five counts against Textron[1] and McFarlane: strict liability (Count I); negligence (Count II); breach of warranties (Count III); fraud (Count IV); reckless, outrageous, and willful and wanton conduct (Count V). (*See id.* ¶¶ 1–43.) Plaintiffs further allege claims for negligence (Count VI) and breach of express and implied warranties (Count VII) against Swepston. (*See id.* ¶¶ 144–63.)

Textron and McFarlane subsequently filed the present motions to dismiss for lack of personal jurisdiction, (ECF Nos. 6, 9), to which Plaintiffs timely responded, (ECF Nos. 23, 25), and Textron and McFarlane timely replied. (ECF Nos. 30, 32.) On August 6, 2018, Plaintiffs filed the present motion to conduct jurisdictional discovery. (ECF No. 19.) Textron and McFarlane timely

---

[1] Plaintiffs also name Cessna as a defendant in their Complaint. (*See* ECF No. 1.) However, as stated above, Cessna merged with Textron on January 1, 2017, and thus no longer exists as a separate corporate entity. (ECF No. 7 at 1 n.1.) Therefore, the Court will only refer to Textron.

responded to the motion. (ECF Nos. 29, 31.) Plaintiffs did not file a reply. As such, both motions are fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss claims against a defendant for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a non-resident defendant files a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure challenging the court's power to exercise personal jurisdiction, 'the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence.'" *Felman Prod. v. Bannai*, 517 F. Supp. 2d 824, 827–28 (S.D. W. Va. 2007) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989)). However, "[w]here, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden of making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). "In considering whether the plaintiff has met this burden, the district court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (citation and quotation marks omitted).

"A federal district court uncertain about its personal jurisdiction over a defendant may, in its discretion, grant discovery for the limited purpose of determining whether exercising personal jurisdiction is proper." *Estate of Alford v. Fuji Heavy Indus., Ltd*, No. 3:15-cv-16449, 2016 WL 756489, at *1 (S.D. W. Va. Feb. 25, 2018) (citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d

3

446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.") (internal citations and quotations omitted). "[T]he decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court" and "where . . . the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," the district court is well within its discretion to deny jurisdictional discovery. *See Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Thus, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst*, 334 F.3d at 402.

### III. DISCUSSION

Textron argues that the Court does not have general personal jurisdiction over Textron because Textron is not at home in West Virginia as it is not incorporate in West Virginia, its principal place of business is not in West Virginia, and it does not have systematic contacts with West Virginia. (*See* ECF No. 7 at 4–8.) Textron further argues the Court does not have specific personal jurisdiction over Textron because Plaintiffs' claims do not arise or relate to Textron's minimum, purposeful contacts with West Virginia. (*See id.* at 8–12.)

McFarlane similarly argues that the Court does not have general or specific personal jurisdiction over McFarlane because McFarlane is not at home in West Virginia as it is a Kansas corporation with its principal place of business in Kansas. (*See* ECF No. 10 at 3.) McFarlane further asserts that it does not have a physical presence in West Virginia, nor does it directly advertise or send products directly to West Virginia residents. (*See id.* at 3–4.)

4

In response to Textron's and McFarlane's motions, and in a separate motion, Plaintiffs request permission to conduct jurisdictional discovery. (*See* ECF No. 20 at 2.) Textron and McFarlane oppose Plaintiffs' request for jurisdictional discovery, arguing that the request is nothing more than a fishing expedition. (*See* ECF No. 29 at 10, ECF No. 31 at 2.) Specifically, Textron and McFarlane argue that Plaintiffs have not shown that jurisdictional discovery is warranted because they have failed to make a prima facie showing of personal jurisdiction and have failed to provide a proffer on what they expect to discover. (*See* ECF No. 29 at 5–10; ECF No. 31 at 2–7.)

A federal court sitting in diversity, "has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (quoting *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir.1993)). Here, because the West Virginia long-arm statute "'is coextensive with the full reach of due process,' the Court need not conduct 'the normal two-step formula.'" *Knisely v. Nat'l Better Living Ass'n*, No. 3:14–CV–15, 2015 WL 1868819, at *8 (N.D. W. Va. Apr. 23, 2015) (quoting *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997)). Thus, the Court's statutory inquiry merges with the constitutional inquiry and the Court need only consider whether the exercise of personal jurisdiction would be consistent with the Due Process Clause. *See id.* "A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Carefirst of Md., Inc., Inc.*, 334 F.3d at 397 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction—general and specific. A court may exercise general personal jurisdiction over a non-resident, corporate defendant if the defendant's contacts with

the forum state are "continuous and systemic" as to render the defendant "at home" in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Generally, a corporation is at home only where it has its place of incorporation and its principal place of business. *See Daimler*, 571 U.S. at 137. However, the Supreme Court has not foreclosed the possibility that a corporation could be at home in a state where it is not incorporated or has its principal place of business. *Id.* at 139 n.20.

A court may exercise specific personal jurisdiction over the corporate defendant if the defendant has "'purposefully established minimum contacts in the forum State' such 'that [it] should reasonably anticipate being haled into court there.'" *Perdue Foods*, 814 F.3d at 189 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Fourth Circuit has directed courts to look at the following to determine whether specific personal jurisdiction exists:

> (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arose out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable.

*Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014).

In their Complaint, Plaintiffs allege that Textron has the following contacts with West Virginia: Textron makes millions of dollars in revenue in West Virginia; Textron is registered with the State of West Virginia for the purpose of conducting business[2]; there are 220 Cessna model 172 aircraft registered in West Virginia; Textron is required to continually provide airworthiness information to the owners and operators of aircraft in West Virginia; and Textron advertises in and solicits business from West Virginia. (ECF No. 26 at 12; *see also* ECF No. 1 at ¶¶ 13–14.) Further,

---

[2] The Court notes that Textron has provided evidence that Plaintiffs are mistaken in their belief that Textron is registered to do business in West Virginia. (*See* ECF No. 31 at 5.) Textron states that the Office of the Secretary of State in West Virginia issued Textron an Exemption Certificate, which is not the equivalent of a certificate to conduct business in West Virginia. (*See id.*) However, even taking this as true, it does not affect the Court's decision to allow jurisdictional discovery.

Plaintiffs allege that McFarlane has the following contacts with West Virginia: McFarlane advertises its products through national publications that reach West Virginia; McFarlane was obligated to ensure continuing airworthiness of the aircraft components it manufacturers and sells, including to the owner of the accident aircraft who is a West Virginia resident; and McFarlane sold products to West Virginia. (ECF No. 24; *see also* ECF No. 1 at ¶¶ 13–14.)

The Court concludes that Plaintiffs' claims amount to more than "conclusory assertions" of the possibility that Textron and McFarlane have sufficient purposeful contacts with West Virginia. *See Eclipse IP, LLC v. Cornerstone Brands, Inc.*, No. 5:12-CV-144, 2013 WL 12136596, at *2–3 (N.D. W. Va. Jan. 23, 2013) (granting jurisdictional discovery and finding that, although plaintiff's allegations that the defendant "regularly transacts business in the jurisdiction" and "purposefully directed its activities at residents in the forum" teetered on the verge of being bare allegations, the allegations were sufficient to show that jurisdictional discovery would not be a fishing expedition). Plaintiffs have done more than simply state that Textron and McFarlane have contacts with West Virginia, but instead have offered concrete examples of Textron's and McFarlane's contacts with the forum state. *Compare* the present case *with Brighter Sky Prods., LLC v. Marriott Int'l, Inc.*, No. 5:17-cv-03254, 2018 WL 2248601, at *7 (S.D. W. Va. May 16, 2018) (finding that the plaintiff's claims regarding personal jurisdiction were merely conclusory where the plaintiff offered no concrete, meaningful contacts with the forum outside of the defendant's website).

Although, especially in light of Textron's and McFarlane's specific refutations, Plaintiffs' allegations are not currently sufficient to justify the exercise of personal jurisdiction over Textron and McFarlane, they are enough to cause the Court hesitation in dismissing Textron and McFarlane at this juncture. Accordingly, the Court, in its broad discretion, will allow Plaintiffs to conduct limited jurisdictional discovery for a period of 60 days to fully develop the record of Textron's and

McFarlane's contacts with West Virginia.  *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993); *see also Eclipse IP, LLC*, 2013 WL 12136596, at *2 ("[J]urisdictional discovery may be appropriate where a plaintiff provides more than bare allegations to dispute a defendant's denial of personal jurisdiction.").

IV.     CONCLUSION

For the reasons discussed more fully above, the Court **GRANTS** Plaintiffs' motion for jurisdictional discovery, (ECF No. 19), and **HOLDS IN ABYEANCE** Textron's and McFarlane's motions to dismiss for lack of personal jurisdiction for a 60-day period of jurisdictional discovery ending **January 7, 2019**.  (ECF Nos. 6, 9.)  It is further **ORDERED** that Plaintiffs, bearing the burden of proof, shall then file supplemental responses to Textron's and McFarlane's motions to dismiss for lack of personal jurisdiction on or before **January 21, 2019**, and Textron and McFarlane shall file replies on or before **January 28, 2019**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     November 9, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE