IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ARRIN FARRAR and ERIN FARRAR,**

    **Plaintiffs,**

v.                                                            Civil Action No. 2:18-cv-00461

**THE CESSNA AIRCRAFT COMPANY,**
**TEXTRON AVIATION, INC.,**
**MCFARLANE AVIATION, INC. and**
**ANDREW SWEPSTON,**

    **Defendants.**

## ORDER

Pending before the Court is the Motion of Defendant, McFarlane Aviation, Inc., to Quash Plaintiffs' Subpoena Directed to Aviall, Inc.[1] and Memorandum in Support (ECF Nos. 45 and 46), Plaintiffs' Response in Opposition to McFarlane Aviation, Inc.'s Motion to Quash Subpoena Directed to Aviall, Inc. and Memorandum in Support (ECF Nos. 49 and 51).

In their Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action,[2] the Plaintiffs requested the following documents be produced:

    (1)    Records of all sales or purchases of products manufactured or supplied by Cessna Aircraft Company to customers in West Virginia from 2012 until present;

---

[1] Defendant, Textron Aviation, Inc., filed Joinder of Defendant, Textron Aviation, Inc. With Motion of Defendant McFarlane Aviation, Inc. to Quash Plaintiffs' Subpoena Directed to Aviall, Inc. (ECF No. 48). Defendants, The Cessna Aircraft Company and Andrew Swepston, did not file any response to the pending Motion to Quash.

[2] The date to produce the documents requested in the Subpoena was Tuesday, January 22, 2018, at 10:00 a.m. On January 18, 2019, the Court entered an Order staying the Subpoena Duces Tecum Upon Aviall, Inc., pending ruling by the Court. See Order (ECF No. 51).

1

  (2) Records of all sales or products supplied by Textron Aviation, Inc. to customers in West Virginia from 2012 until present;
  (3) Records of all sales or purchases of McFarlane Aviation products to customers in West Virginia from 2012 until present;
  (4) List of customers in West Virginia who purchased Cessna Aircraft Company[3] products;
  (5) List of customers in West Virginia who purchased McFarlane Aviation products;
  (6) List of customers in West Virginia who purchased Textron Aviation, Inc. products.

ECF No. 47 at p. 8.

## Background

This matter arises from a March 26, 2016, incident in which a Cessna 172 aircraft crashed during takeoff at Yeager Airport in Charleston, West Virginia (ECF No. 1). At the time of the incident Plaintiff, Aarin Farrar, was a student pilot. Plaintiff argues that he was injured when his flight instructor's seat slipped causing the instructor to lose control of the aircraft. Defendant McFarlane Aviation has filed a motion to dismiss the Complaint for lack of jurisdiction over its person (ECF No. 9). Subsequently, the Court permitted Plaintiffs to conduct jurisdictional discovery (ECF No. 36). In its Memorandum and Order, the Court mandated that the discovery be limited to the existence of *in personam* jurisdiction, noting that "Plaintiffs' allegations are not currently sufficient to justify the exercise of personal jurisdiction over Textron and McFarlane, they are enough to cause the Court hesitation in dismissing Textron and McFarlane at this juncture." (*Id.*)

## Plaintiffs' Subpoena Directed to Aviall, Inc.

Plaintiffs seek to issue a subpoena to Aviall, Inc., a distributor of both Cessna and McFarlane, and seek records of their sales of products from each Defendant to entities or

---

[3] The Cessna Aircraft Company did not file a Motion to Quash the subpoena duces tecum.

persons in West Virginia (ECF No. 50 at p. 2). Plaintiffs seek to issue this subpoena to Aviall, Inc., to determine the amount and volume of sales by McFarlane to customers in West Virginia (ECF No. 50 at p. 3).

On January 25, 2019, a telephone status conference was held regarding Defendant's Motion. Appearing on behalf of Plaintiffs was Michael S. Miska; appearing on behalf of Defendant, Textron Aviation, Inc., was James Denny Shupe, Ronda L. Harvey and Gabriele Whole; and attending on behalf of McFarlane Aviation, Inc. was Harrison M. Cyrus, Zachary J. Ballard and Charles R. Bailey.

During the telephone conference, counsel for Defendant McFarlane stated that it had produced in discovery responses a directory of its customers in West Virginia and records showing the distribution of its products by Aviall, Inc., a company located in Texas. McFarlane asserts that this information shows that it did not target businesses in West Virginia.

Counsel for Plaintiffs stated that this is a stream of commerce event but the issue is what contacts did McFarlane maintain in West Virginia. Plaintiffs assert that McFarlane did target business in West Virginia.

## Discussion

The Federal Rules of Civil Procedure require discovery to be proportional to the needs of the case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Rule 45 of the Federal Rules of Civil Procedure addresses the subpoena practice in federal district court. Federal Rule of Civil Procedure 45(d)(3) requires a district court, on timely motion, to quash or modify a subpoena duces tecum that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden.

In its Motion, Defendant states that information regarding Aviall, Inc.'s distribution is not relevant under current jurisprudence for general or specific jurisdiction. McFarlane products sold by Aviall, Inc. would not be relevant as to whether McFarlane specifically targeted West Virginia, which is necessary for finding of personal jurisdiction (ECF No. 46).

Plaintiffs contend that McFarlane's purposeful availment to West Virginia, directly or through its distributor network, is relevant and within the scope of discovery on the topic of jurisdiction (ECF No. 49).

The burden of proving that a subpoena duces tecum imposes an undue burden is on the person who seeks to have it quashed as unreasonable or oppressive. See 9A Wright, Miller & Marcus, *Federal Practice and Procedure*, Civ. 3d § 2463.1. "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. V. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1998)); see also *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion… in managing discovery") .

Although it was not addressed by any party, this Court will briefly address McFarlane's standing to file a Motion to Quash a subpoena duces tecum directed to Aviall, Inc., a nonparty.

A motion to quash or modify a subpoena is governed by Federal Rule of Civil Procedure 45(d). Specifically, Rule 45(d)(3) outlines when a court *must* quash or modify a subpoena, when it *may* do so, and when the court may direct compliance under specified conditions. Ordinarily "only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena." *Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 590 (D.Kan. 2003) (citation omitted). However, an exception exists when the person objecting to the subpoena has a personal right or privilege in the information sought by the requester. *United States v. Idema,* 118 Fed. App'x 740, 744 (4th Cir. 2005); *see also Singletary v. Sterling Transport Company, Inc.,* 289 F.R.D. 237, 239 (E.D.Va. 2012).

When a subpoena is issued under Rule 45 for the purpose of discovery, "Rule 45 adopts the standard[s] codified in Rule 26." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). In other words, a subpoena used for discovery must comply with the scope and limits of discovery set forth in Rule 26, and may be quashed or modified for the same reasons that would support a protective order under Rule 26. *HDSherer LLC v. Natural Molecular Testing Corp,* 292 F.R.D. 305, 308 (D.S.C. 2013).

Simply because information is discoverable under Rule 26, however, "does not mean that discovery must be had." *Schaaf,* 233 F.R.D. at 453 (citing *Nicholas v. Wyndham Int'l, Inc.,* 373 F.3d 537, 543 (4th Cir. 2004)). Discovery that seeks relevant information may nevertheless be restricted or prohibited pursuant to a Rule 26(c) motion when necessary to protect a person or party from annoyance, embarrassment, oppression,

or undue burden or expense. Fed. R. Civ. P. 26(c). Moreover, with or without a motion, the court may limit the frequency and extent of discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The protections conferred by Rule 26 are incorporated in Rule 45(d)(3), which sets forth additional grounds for quashing, modifying, or molding the terms of a subpoena. *HDSherer LLC,* 292 F.R.D. at 308 ("Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26.") (citing *Cook v. Howard,* 484 Fed.Appx. 805, 812 (4th Cir. Aug. 24, 2012) ("Although Rule 45[d] sets forth additional grounds on which a subpoena against a third party may be quashed[,] … those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")); *see also Firetrace USA, LLC v. Jesclard,* No. cv–07–2001, 2008 WL 5146691, at *2 (D.Ariz. Dec. 8, 2008) ("According to its 1991 Advisory Committee Notes, Rule 45 [(d)](3) 'tracks the provisions of Rule 26(c).' Fed. R. Civ. P. 45. In this way, Rules 45 and 26 are not mutually exclusive, but rather cover the same ground.")

Regardless of whether a motion is made under Rule 26(c) or Rule 45(d), the party opposing discovery has the obligation to submit evidence supporting its claims that the discovery is unduly burdensome, oppressive, or irrelevant.

Defendant asserts that the discovery sought from Aviall, Inc. is irrelevant and that Plaintiffs are on a fishing expedition (ECF No. 46). Defendant avers that the only scenario in which the discovery sought from Aviall, Inc. could be useful would be if the stream-of-commerce theory were a viable means by which personal jurisdiction can attach.

6

Furthermore, Defendant asserts that placing a product into the stream of commerce does not render a party amenable to suit in every jurisdiction through which the product travels.

Plaintiffs assert that the subpoena directed to Aviall, Inc. seeks information relevant to the contacts and purposeful availment by McFarlane to customers within West Virginia (ECF No. 50). Plaintiffs aver that the discovery sought will answer if Defendant has sufficient minimum contacts with West Virginia so that requiring it to defend its interests here would not offend traditional notions of fair play and substantial justice.[4]

Aviall, Inc. and McFarlane Aviation have a contract for worldwide distribution. The information requested includes records and purchases of McFarlane Aviation products. Defendant has a sufficient personal right to object to the nonparty subpoena duces tecum. This Court has substantial discretion in managing discovery. The Court limited the extent of discovery in its Memorandum and Order and mandated that the discovery be limited to the existence of *in personam* jurisdiction.

The Fourth Circuit has recognized that a stream of commerce theory does not support a finding of personal jurisdiction. *See In re Celotex Corp.*, 124 F.3d 619 (4th Cir. 1997). In another case the Fourth Circuit explained:

> The touchstone of the minimum contacts analysis remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state…. To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism. Such a rule would subject defendants to judgment in locations based on the activity of third persons and not the deliberate conduct of the defendants, making it impossible for defendants to plan

---

[4] Plaintiffs cite *Asahi Metal Indus. Co. v. Superior Court of California, Solano City*, 480 U.S. 102, 112 (1987) (citing *Vass v. Volvo Trucks N. Am. Inc.*, 304 F.Supp. 2d 851, 854 (S.D. W.Va. 2004); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

and structure their business contacts and risks. *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994).

Furthermore, United States District Judge Joseph R. Goodwin more recently found that in a distribution partnership the manufacturer had no input on the sale and marketing of its product after it shipped to the distributor. See *Sarver v. Johnson & Johnson*, 2016 U.S. Dist. LEXIS 13990\*; 2016 WL 482994 (S.D. W.Va. February 5, 2016); *J. McIntyre Mach., Ltd. V. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 180 L.Ed. 2d 765 (2011).

The Supreme Court held in *McIntyre* that "[A]s a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id.* at 2788. In *Sarver*, Judge Goodwin found that the manufacturer had no input on the sale and marketing of its product after it shipped to the distributer in Boston. Judge Goodwin held that even if the distributor in Boston distributed the product to all fifty states, this would not be enough, without more, for a plaintiff to demonstrate personal jurisdiction in New Jersey.

Plaintiffs assert that McFarlane's website lists twelve distributors who sell its products, in addition to McFarlane's direct sales. Plaintiffs argue that the subpoena duces tecum seeks relevant information to the contacts and purposeful availment by McFarlane to customers within West Virginia (ECF No. 50). Plaintiffs have not presented any facts to resolve whether McFarlane engaged in purposeful availment in West Virginia. See *Consulting Engineers, Inc. v. Geometric Software Solutions*, 561 F.3d 273; 2009 U.S. App. LEXIS 6081 (4th Cir. 2009). Plaintiffs provided conclusory statements instead of facts to support their position that the subpoena duces tecum will produce relevant

information. As stated in the *Celotex* case, a stream of commerce theory does not support a finding of personal jurisdiction, therefore, the subpoena duces tecum is irrelevant.

After a review of the pleadings and hearing arguments of counsel, the Court is of the opinion that the information sought in Plaintiffs' subpoena to Aviall, Inc. is not relevant to purposefully establish contacts in West Virginia, therefore it is not sufficient to justify the exercise of personal jurisdiction. Therefore, it is hereby **ORDERED** that the Motion of Defendant, McFarlane Aviation, Inc., to Quash Plaintiffs' Subpoena Directed to Aviall, Inc. (ECF NO. 45) is **GRANTED.**

The Clerk of the Court is directed to transmit copies of this Order to counsel of record and any unrepresented parties.

Enter: February 1, 2019

_____
Dwane L. Tinsley
United States Magistrate Judge