IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ARRIN FARRAR, et al.,

                Plaintiffs,

v.                                                                     CIVIL ACTION NO. 2:18-cv-00461

THE CESSNA AIRCRAFT COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' unopposed Motion to Certify Pursuant to Rule 54(b). (ECF No. 69.) On March 27, 2019, the Court entered a Memorandum Opinion and Order granting Defendants Textron Aviation Inc.'s ("Textron") and McFarlane Aviation, Inc.'s ("McFarlane") motions to dismiss for lack of personal jurisdiction. (ECF No. 65.) Thus, the only remaining claims in this action are those against Defendant Andrew Swepston ("Swepston"), who, despite being properly served, has yet to make an appearance in this action. Plaintiffs now move for the Court to enter final judgment as to their claims against Textron and McFarlane. (*See* ECF No. 69 at 3.)

Under Federal Rule of Civil Procedure 54(b), a Court "may direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." The Fourth Circuit has further required courts to consider "whether the judgment is final" and "'whether there is no just reason for the delay in the entry of judgment[,]'

considering a number of potentially-applicable factors." *West Virginia Hosp. & Travel Assoc., Inc. v. Am. Water Works Co.*, No. 2:16-cv-00184, 2018 WL 1464874, at *1 (S.D. W. Va. Mar. 23, 2018) (quoting *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855(4th Cir. 2010)). As to the former, a judgment is final for Rule 54(b) purposes if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). In determining the latter, a court should consider the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC*, 610 F.3d at 855.

Here, as to the first consideration, all of Plaintiffs' claims against Textron and McFarlane were resolved in the Court's order dismissing them for lack of personal jurisdiction. Thus, the Court's judgment against Textron and McFarlane is final. *See Knisely v. Allied Health Benefits, Inc.*, No. 3:14-cv-15, 2015 WL 5168482, at *2 (N.D. W. Va. Sept. 1, 2015) ("An order dismissing a party due to lack of personal jurisdiction is an ultimate disposition as to the claims against that party.").

As to the second consideration, the factors relevant to a determination of whether there is no just reason for delay also weigh in favor of certification. As all the claims against Textron and McFarlane were dismissed for lack of personal jurisdiction, the first two factors weigh in favor of certification. *See id.* (finding that because the defendant was dismissed for lack of personal jurisdiction and thus there were no remaining claims against the defendant, there was no relation

between the adjudicated and unadjudicated claim and it was unlikely that "future developments" would moot the present need for review). Further, the Fourth Circuit would not have to review whether the Court has personal jurisdiction over Textron and McFarlane a second time. *See id.* at \*3. Lastly, there are no counterclaims or cross-claims as to Textron and McFarlane, nor does the Court find that delay, economic and solvency concerns, shortening the time of trial, frivolity of competing claims and expense applicable considerations, here. *See id.*

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Certify Pursuant to Rule 54(b). (ECF No. 69.) The Court further **ORDERS** that this Memorandum Opinion and Order be entered as a final judgment as to Plaintiffs' claims against Textron and McFarlane pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 23, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE