IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ARRIN FARRAR, et al.,

        Plaintiffs,

v.                                          CIVIL ACTION NO. 2:18-cv-00461

THE CESSNA AIRCRAFT COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has received notice that the Fourth Circuit has resolved Plaintiffs' petition for rehearing. (ECF No. 88.) Accordingly, the Court **LIFTS** the stay in this case, (ECF No. 87), and **DIRECTS** the Clerk's Office to return this case to the active docket. Additionally, pending before the Court is Defendant Andrew Swepston's ("Defendant") Motion to Set Aside Default. (ECF No. 85.) For the reasons discussed more fully below, the Court **DENIES** Defendant's motion.

I.     BACKGROUND

This case arises out of the March 16, 2016 crash of a Cessna 172 aircraft at Yeager Airport in Charleston, West Virginia, in which Plaintiff Arrin Farrar, a student pilot, was severely injured. (*See* ECF No. 1 at 1–14, ¶¶ 99–102.) The aircraft was manufactured by Cessna Aircraft Company, which later merged with Textron and ceased to exist as a separate corporate entity, and the aircraft's seat rails were manufactured by McFarlane Aviation. Inc. (*See* ECF Nos. 20 at 1–2, 63-1 at 12 n.4.) Skylane Aviation, LLC owned the aircraft and registered it in West Virginia.

(ECF No. 61-2 at 2.) Swepston performed repetitive maintenance and inspections on the aircraft. (*See* ECF No. 1 at 24, ¶ 145.)

Swepston failed to file an answer or other responsive pleading to Plaintiffs' Summons and Complaint. However, Swepston alleges he was never properly served with the Summons and Complaint in this case. (ECF No. 85 at 1.) He notes his recollection that he received a phone call from a deputy named "Chad," and that Chad indicated that he had "papers" for him and would leave them in his door. (*Id.*) Swepston alleges he only became aware that a complaint had been filed against him when he received Plaintiffs' Motion for Default. (*Id.* at 2.) Swepston says the next time he heard anything relating to this case was when he received a copy of the Default entered by the Clerk. (*Id.*) Plaintiffs, however, allege that Swepston was personally served with the Summons and Complaint on May 21, 2018. (ECF No. 86 at 1, ¶ 1). In support of their position, Plaintiffs cite an Affidavit of Service wherein the Process Server attested that Swepston was personally served with the Summons and Complaint on May 21, 2018. (See ECF No. 66.)

On August 21, 2019, Plaintiffs moved for an entry of default by the clerk of court against Swepston. (ECF No. 77.) On September 25, 2020, the Clerk entered default against Swepston for failure to answer Plaintiffs' Complaint or otherwise plead. (ECF No. 83.) On January 11, 2021—nearly three years after Plaintiffs filed their Complaint—Swepston filed his Motion to Set Aside Default. (ECF No. 85.) Plaintiffs filed their Response to Swepston's motion on January 25, 2021. (ECF No. 86.) Swepston did not file a reply. Accordingly, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court may, "for good cause shown," set aside an entry of default. Rule 55(a) initially provides that when a party shows by affidavit that an opposing party has failed to plead or otherwise defend itself in litigation, the clerk of court must enter default against the defending party. Pursuant to Rule 55(c), however, district courts have the discretion to set aside an order of default for good cause. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (providing that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

Further, the Fourth Circuit has established that district courts should consider the following factors when deciding motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

### III. DISCUSSION

Swepston asks the Court to set aside the Clerk's Entry of Default entered against him on September 25, 2020. (ECF No. 85.) For the reasons discussed more fully below, the Court does not find good cause to set aside the Clerk's entry of default.

A. *Service of Process*

Swepston asserts that his failure to file a timely responsive pleading to Plaintiffs' Complaint was the result of him never being properly served with the Summons and Complaint. (*Id.* at 3.) Swepston alleges Plaintiffs attempted to serve him with the Summons and Complaint when an individual identified by Swepston as "Deputy Chad" left "papers"—identified by Swepston as the Summons and Complaint—at his door. (*Id.*) Plaintiffs, however, allege that Swepston was properly served by personal service on May 21, 2018. (ECF No. 86 at 1, ¶ 1.) Plaintiffs cite an Affidavit of Service wherein the Process Server attested that he personally served the Summons and Complaint on Swepston on May 21, 2018. (*See* ECF No. 66.)

It is the plaintiff's burden to demonstrate that the district court has personal jurisdiction over the parties, including valid service of process, once the validity of that service is contested. *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005) ("[I]t is the plaintiff who ordinarily bears the burden of demonstrating that the district court had personal jurisdiction over the parties, including valid service of process."); *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue."); *McCoy v. Norfolk Southern Ry. Co.*, 858 F. Supp. 2d 639, 651–52 (S.D. W. Va. 2012). "A signed return of service constitutes *prima facie* evidence of valid service[.]" *Dunn v. Nicholas Cnty.*, No. 2:14-25532, 2015 WL 3843777, at *2 (S.D. W. Va. June 22, 2015) (quoting *Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010)). And because "a process server's affidavit of service is entitled to a presumption of correctness," it may be rebutted "only by 'strong and convincing' evidence." *Id.* (citing *Sikhs for Justice v. Badal*, 736 F.3d 743, 746 (7th Cir. 2013). Such evidence may be presented in affidavits and other documentary evidence, as well as a deposition or oral testimony. 5B Charles Alan Wright, Arthur R. Miller, et al.,

4

*Federal Practice & Procedure* § 1353 (3d ed.). Factual issues presented by the parties' conflicting evidence, if not entwined with the merits of the case, are for the court to resolve. *Id.*; *see also Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D. W. Va. 2009).

Here, Plaintiffs have met their burden of proving valid service of process. In support of their position that Swepston was properly served with the Summons and Complaint, Plaintiffs cite an Affidavit of Service, wherein the Process Server attests that Swepston was personally served with the Summons and Complaint on May 21, 2018. (ECF No. 66.) This Affidavit is entitled to a presumption of correctness, and Swepston may only rebut that presumption by presenting "strong and convincing" evidence—which he has failed to do.

In support of his position that he was never properly served with the Summons and Complaint, Swepston cites an affidavit wherein he attests that he was never properly served, that a deputy named "Chad" called him and indicated that he had "papers" for him that he would leave in his door, that he only became aware of this action when he received Plaintiffs' Motion for Default, and that his fiancé at the time immediately contacted Plaintiffs' counsel after receiving Plaintiffs' Motion for Default . (ECF. No. 85-1.) Swepston cites no other evidence indicating Plaintiffs' Affidavit of Service is incorrect or false, and the evidence offered by Swepston certainly does not amount to "strong and convincing." Accordingly, because Swepston has failed to overcome the Affidavit of Service's presumption of correctness, the Court finds that Swepston was properly served with the Summons and Complaint on May 21, 2018. (*See* ECF No. 66.)

B. *Relevant Factors Under Federal Rule of Civil Procedure 55(c)*

5

Considering the totality of the relevant factors in deciding whether to set aside the Clerk's entry of default, the Court does not find good cause to set aside the entry of default against Swepston. The Court will briefly address each relevant factor below.

1. Meritorious Defense

Swepston cites no potential meritorious defenses in his motion that he might allege to defend Plaintiffs' claims against him. Likewise, he cites no evidence that he might produce to defend against Plaintiffs' claims. Therefore, because Swepston has failed to allege any meritorious defenses he might have against Plaintiffs' claims, this factor weighs against setting aside the default.

2. Reasonable Promptness

Whether a party has acted with reasonable promptness to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion. . . ." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). District courts in the Fourth Circuit have found that a defendant acted with reasonable promptness when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside. *See United States v. $10,000.00 in U.S. Currency*, No. 1:00-cv-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, No. H-00-3040, 2001 WL 604186, at *4 (D. Md. May 31, 2001); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). The Fourth Circuit has held that a movant "did not act promptly" by filing a motion to set aside an entry of default approximately two and one-half months after the default was entered. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

In this case, the Clerk entered default against Swepston on September 25, 2020. (ECF No. 83.) Swepston filed the pending motion on January 11, 2021—nearly four months after the Clerk's entry of default. (ECF No. 85.) Because of this delay, Swepston did not act with reasonable promptness in responding to the Clerk's entry of default. Therefore, this factor weighs against setting aside the default.

3. Personal Responsibility of the Defaulting Party

Swepston denies personal responsibility for the entry of default against him. He alleges he was never properly served with the Summons and Complaint. (ECF No. 85.) However, as discussed above, the Court finds that Swepston was properly served with the Summons and Complaint on May 21, 2018 because Swepston failed to present "strong and convincing" evidence rebutting the presumption of correctness to which Plaintiffs' Affidavit of Service is entitled. Moreover, Swepston's first filing in this case did not occur until he filed this pending motion—nearly three years after Plaintiffs filed their Complaint. Therefore, Swepston is personally responsible for the default, and this factor weighs against setting aside the default.

4. Other Factors

The non-defaulting party bears the burden of showing prejudice. *Jafary v. City of Beckley*, No. 5:20-cv-00647, 2020 WL 6797354, at *2 (S.D. W. Va. Nov. 19, 2020). Here, Plaintiffs have not alleged any prejudice, and the Court does not find that Plaintiffs will be prejudiced if the default is set aside. Moreover, nothing in the record reflects any previous history of dilatory action by Swepston, and Plaintiffs have not alleged that there is a history of dilatory action. Finally, less drastic sanctions—such as an award of fees and costs—are available, and appropriate, as an alternative to the entry of default. *See Jafary*, 2020 WL 6797354, at *2 (citing *Lolatchy v. Arthur*

7

*Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987)). Therefore, each of these factors weigh in favor of setting aside the default.

     5. Totality of Factors

Although some factors weigh in favor of setting aside the default, while others do not, the Court does not find good cause to set aside the Clerk's entry of default against Swepston. Evidenced by Plaintiffs Affidavit of Service, (ECF No. 66), Swepston was personally served with the Summons and Complaint on May 21, 2018. Swepston failed for nearly three years to respond to any of the pleadings in this matter, or to otherwise defend this action. Swepston did not respond to the Clerk's entry of default with reasonable promptness, and Swepston is the only party responsible for the entry of default. Therefore, considering the totality of each of the factors discussed above, the Court finds that Swepston has not established good cause to set aside the Clerk's entry of default against him.

## IV. CONCLUSION

For the foregoing reasons, the Court **FINDS** that Defendant has not shown good cause to set aside the entry of default and **DENIES** Defendant's Motion to Set Aside Default. (ECF No. 85.)

     **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                  ENTER:      October 31, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE